UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Cassandra Eldridge,<br><br>                Plaintiff,<br>    v.<br><br>Critical Resolution Mediation, LLC,<br><br>                Defendant. | Civil Action No.: 3:13-cv-01510<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Cassandra Eldridge, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Cassandra Eldridge ("Plaintiff"), is an adult individual residing in Coppell, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Critical Resolution Mediation, LLC ("CRM"), is a Georgia business entity with an address of P.O. Box 1605, Pine Lake, Georgia 30072, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Payday Loan (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to CRM for collection, or CRM was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     CRM Engages in Harassment and Abusive Tactics**

10.     Beginning in February 2013, CRM started contacting Plaintiff in an attempt to collect the Debt by placing as many as five calls in one day to Plaintiff's cellular telephone.

11.     During each telephone conversation, CRM failed to identify the name of its company and failed to state the reason for its call was debt collection.

12.     During one telephone conversation, when CRM provided Plaintiff with the last four digits of a social security number that did not belong to Plaintiff, CRM replied that Plaintiff was just going to "ignore" the Debt and falsely stated Plaintiff had "no intention" of satisfying the Debt.

13. In response, Plaintiff reiterated her previous request that CRM provide written validation of the Debt before Plaintiff would satisfy the Debt.

14. Moreover, during various telephone conversations, CRM falsely threatened to bring legal action against Plaintiff.

15. To date, no such legal action has been taken and, upon information and belief, CRM threatened Plaintiff with such in order to affect an immediate satisfaction of the Debt from Plaintiff.

16. During a voice message left on March 1, 2013, CRM stated that Plaintiff might want to retain a "criminal attorney," insinuating CRM would bring criminal charges against Plaintiff.

17. Plaintiff informed CRM that she had retained legal representation and provided her attorney's contact information.

18. Despite receiving such information, CRM proceeded to place calls to Plaintiff in its collection efforts.

19. Furthermore, CRM failed to send Plaintiff written validation of the Debt as required by 15 U.S.C. § 1692g.

C.   **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

24. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

27. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(7) in that Defendant falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

30. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

31. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

32. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

33. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. The Defendant is each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

38. The Defendant falsely accused or threatened to falsely accuse the Plaintiff of fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

39. The Defendant threatened to file a criminal complaint against the Plaintiff, despite having knowledge that the Plaintiff did not violate a criminal law, in violation of Tex. Fin. Code Ann. § 392.301(a)(6).

40. The Defendant called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

41. The Defendant caused fees to be charged to the client without disclosing the identity of the debt collector, in violation of Tex. Fin. Code Ann. § 392.302(3).

42. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

43. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 18, 2013

        Respectfully submitted,

        By */s/ Jody B. Burton*

        Jody B. Burton, Esq.
        CT Bar # 422773
        LEMBERG & ASSOCIATES, L.L.C.
        14785 Preston Road, Suite 550
        Dallas, Texas  75154

        *Counsel To:*
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: jburton@lemberglaw.com
        Attorneys for Plaintiff